11-1987-ag
Vukaj v. Holder

BIA
Balasquide, IJ
A099 927 171

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 3rd day of May, two thousand twelve.

PRESENT:
    PETER W. HALL,
    GERARD E. LYNCH,
    DENNY CHIN,
        *Circuit Judges*.

_____

BRIKEN VUKAJ,
        *Petitioner*,

        v.                                          11-1987-ag
                                                    NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent*.

_____

FOR PETITIONER:        Charles Christophe, New York, NY.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Shelley R. Goad, Assistant
                       Director; Dalin R. Holyoak, Trial
                       Attorney, Office of Immigration
                       Litigation, Civil Division, United
                       States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Briken Vukaj, a native and citizen of Albania, seeks review of an April 18, 2011, order of the BIA affirming the August 19, 2009, decision of Immigration Judge ("IJ") Javier Balasquide denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Briken Vukaj*, No. A099 927 171 (B.I.A. Apr. 18, 2011), *aff'g* No. A099 927 171 (Immig. Ct. N.Y. City Aug. 19, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA, i.e., minus the IJ's finding that Vukaj could relocate within Albania. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). "The 'substantial evidence' standard of review applies, and we uphold the IJ's factual findings if they are supported by reasonable, substantial and probative evidence in the record." *Yanqin Weng v. Holder*, 562 F.3d

510, 513 (2d Cir. 2009) (internal quotation marks and citations omitted); *see also* 8 U.S.C. § 1252(b)(4)(B) (providing that "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary"). "By contrast, we review *de novo* questions of law and the BIA's application of law to undisputed fact." *Yanqin Weng*, 562 F.3d at 513 (internal quotation marks and brackets omitted).

Vukaj argues that he will be persecuted in Albania because his father, who supported the Democratic Party, was the subject of political violence in 1999 and 2005, and because Vukaj supports (although he is not a member of) the Democratic Party.

As the agency found, Vukaj's claim was undermined by the fact that his brothers and father have remained unharmed in Albania since 2005. *See Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999) (finding that an asylum applicant's claim of a well-founded fear of persecution was diminished because the applicant's mother and daughters continued to live in her native country unharmed). Contrary to Vukaj's arguments, the fact his brothers were younger than he is, or that his father received threats after Vukaj

3

left the country, does not establish that the IJ erred in drawing inferences from the fact that Vukaj's brothers and father remain unharmed.

Additionally, the record supports the agency's conclusion that while political violence against supporters of the Democratic Party has not completely disappeared, it has been reduced since the Democratic Party came to power in 2005. *See Hoxhallari v. Gonzales*, 468 F.3d 179, 185-87 (2d Cir. 2006) (per curiam) (holding that when making findings that country conditions have changed in a country, like Albania, which is subject to a large proportion of asylum claims, the agency "need not enter specific findings premised on record evidence").[1] The agency was not compelled to accept Vukaj's expert witness's conclusions regarding political violence in Albania after the 2005 election. *See Siewe v. Gonzales*, 480 F.3d 160, 167-68 (2d Cir. 2007). Accordingly, we find no error in the agency's conclusion that Vukaj was not eligible for asylum because he did not demonstrate a well-founded fear of future

---

[1] Contrary to the implication in the BIA's citation of *Hoxhallari*, we did not in that decision describe a "political transformation" in Albania since the 2005 election of the Democratic Party. Rather, *Hoxhallari* commented on changes in Albania between the fall of communism and 2001.

persecution.  *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004).

Because Vukaj's claim for withholding of removal and CAT relief related to the same factual predicate, the agency did not err in denying both forms of relief.  *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, petitioner's pending motion for a stay of removal is DENIED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5